# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| FCCI INSURANCE COMPANY, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> ARTISAN MASONRY, INC., A&A § <br> GRANITE & LIMESTONE, LLC, § <br> ROBERT E. GLADU a/k/a "BOBBY" § <br> GLADU, and LACY GLADU, § <br> § <br> *Defendants.* § | Civil Action No. 4:25-cv-583 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Set Aside Clerk's Entry of Default (Dkt. #12) (the "Motion").[1] Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

This case stems from an indemnity dispute (Dkt. #1; Dkt. #12-1). On June 2, 2025, Plaintiff filed suit (Dkt. #1). On June 6, 2025, Defendants were served with process (Dkt. #4; Dkt. #5; Dkt. #6). On August 11, 2025, Plaintiff requested an entry of default, which the clerk entered (Dkt. #9; Dkt. #10). On September 9, 2025, Defendants moved to set aside the entry of default (Dkt. #12). Plaintiff filed a response (Dkt. #13). Defendants filed a reply (Dkt. #14).

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default

---

[1] Defendants Artisan Masonry, Inc., A&A Granite & Limestone, LLC, and Robert E. Gladu (collectively, "Defendants") filed this Motion. Defendant Lucy Gladu was not subject to the Clerk's Entry of Default (Dkt. #10).

judgment. FED. R. CIV. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *N.Y. Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the Court for a default judgment. FED. R. CIV. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

A court may set aside an entry of default "for good cause . . ." FED. R. CIV. P. 55(c). "The requirement of good cause has generally been interpreted liberally." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (citation modified). Courts consider the following factors to determine if good cause to set aside a default exists: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious defense been presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). Other factors, such as whether the party acted expeditiously to correct the default, may also be considered. *Effjohn*, 346 F.3d at 563 (citing *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)). These factors are not exclusive but help identify good cause. *Id.* Two of the factors can be determinative: willfulness and the absence of a meritorious defense. *Scott v. Carpanzano*, 556 Fed. App'x 288, 294 (5th Cir. 2014) (citing *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119–20 (5th Cir. 2008)).

When analyzing good cause, "federal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law." *Id.* Relief should be granted "[u]nless it appears that no injustice results from the default . . ." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (citing *In re OCA, Inc.* 551 F.3d 359, 370–71 (5th Cir.

2

2008)). And "where there are no intervening equities, any doubt should be resolved in favor of the movant to the end of securing a trial upon the merits." *Effjohn*, 346 F.3d at 563 (citation modified).

## ANALYSIS

Defendants argue that each good cause factor supports the requested relief (Dkt. #12 at pp. 2–3). The Court agrees. It therefore orders that the clerk's entry of default be set aside.

### I. Defendants' default was not willful.

Defendants argue that their attempts to engage counsel demonstrate their default was not willful. In support, Defendants provide the affidavit of Defendant Robert E. Gladu ("Gladu") (Dkt. #12-2), who serves as President for the other Defendants.[2] Gladu avers that after being served, he forwarded process to his corporate attorney, who has represented Glady for over two decades. Gladu's attorney was allegedly on vacation in June and did not respond until July 2025. The attorney explained that he no longer litigated. Gladu then attempted to engage a different attorney, but his schedule was booked for "several weeks." When the attorney responded, he indicated he was conflicted out of the engagement, and recommended Gladu's present counsel. On August 21, 2025, Gladu spoke to his current counsel, and engaged his firm's services the next day.

Plaintiff argues that Defendants' default was willful because Gladu had actual notice of the lawsuit and could have sought different counsel sooner (Dkt. #13 at p. 5). It cites several cases in support. Ultimately, none control here. *CJC Holdings v. Wright & Lato, Inc.* is distinguishable because it involved an entry of default judgment under Rule 60(b), rather an entry of default governed by Rule 55(c). 979 F.2d 60, 64 (5th Cir. 1992).[3] The same goes for *A.P. Moller-Maersk A/S*,

---

[2] Unless otherwise indicated, the information in this paragraph is derived from Gladu's affidavit (Dkt. #12-2).

[3] *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985) (holding that setting aside an entry of default is "less rigorous" than setting aside a judgment); *see also* FED. R. CIV. P. 55(c) advisory committee's note to 2015 amendment ("The demanding standards set by Rule 60(b) apply only in seeking relief from a final judgment.").

3

*Trading v. Safewater Lines (I) PVT, Ltd.*, 322 F.R.D. 255 (S.D. Tex. 2017), *aff'd sub nom. A.P. Moller - Maersk A/S v. Safewater Lines (I) Pvt., Ltd.*, 784 Fed. App'x 255 (5th Cir. 2019).[4] *Effjohn* held that a district court's finding of willfulness was not clearly erroneous because the defaulting party had actual or constructive notice of related proceedings, but the case does not compel a finding of willfulness anytime a defendant has notice. *See Effjohn,* 346 F.3d at 563–64. Here, Defendants had notice, but Gladu's attempts to engage two sets of counsel before finding representation persuade the Court that Defendants' default was not willful.[5] This factor favors relief.

**II.     Setting aside the entry of default will not prejudice Plaintiff.**

Defendants argue that setting aside the entry of default will not prejudice Plaintiff because they took quick action in response to the default (Dkt. #12 at p. 2). Plaintiff argues that the requested relief would cause delay, and that it has incurred substantial costs by paying the claims they must be allegedly indemnified for as well as attorney's fees (Dkt. #13 at p. 6).

While the Court does not necessarily agree that Defendants took quick action, the Court finds no prejudice here. "[M]ere delay does not alone constitute prejudice." *Lacy*, 227 F.3d at 293. Instead, the "plaintiff must show that the delay will result in the loss of evidence, increased

---

[4] Plaintiff fails to include a pincite for *Safewater*. Nevertheless, the Court considered the case and finds it would be factually distinguishable even if its holding applied the Rule 55(c) standard. There, the defendants "deliberately elected" not to answer or respond because they believed a settlement agreement barred suit against them. *Safewater*, 784 Fed. App'x at 270. Even if Gladu should have reached out to another attorney sooner, the Court finds no deliberate election to avoid litigation here. *See also Turnage v. Jackson/Hinds Libr. Sys.*, No. 3:23-CV-338-CWR-LGI, 2024 WL 917588, at *3 (S.D. Miss. Mar. 4, 2024) (quoting *In re OCA, Inc.*, 551 F.3d at 374 n.32 ("The Fifth Circuit defines willfulness as an 'intentional failure to respond to litigation.'")).

[5] Other courts have considered a defendant's attempts to find counsel when evaluating the willfulness of their default. *See, e.g.*, *Sw. Bell Tel. Co. v. Raza Telecom, Inc.*, No. 3:13-CV-01621-P, 2013 WL 11330884, at *2 (N.D. Tex. Nov. 22, 2013); *Harbour v. Sirico*, No. 18-CV-01055-JWD-EWD, 2019 WL 2929510, at *5 (M.D. La. July 8, 2019) ("While Defendants could have filed a motion for an extension of time to respond to the complaint until legal representation was secured, the Court cannot say that Defendants intentionally failed to respond to the lawsuit.") (citing *B.R.L., Inc. v. City of New Orleans*, No. Civ.A. 03–1217, 2003 WL 21459692, at *1 (E.D. La. Jun. 18, 2003)).

4

difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Plaintiff makes no such showing here. And although courts are split on whether to consider the costs associated with obtaining and defending an entry of default when considering prejudice, "litigation expenses alone are typically not enough for the court to find that a plaintiff will be prejudiced." *Indem. Ins. Corp. v. Arcababa, Inc.*, No. 3:13-CV-46-B, 2013 WL 12143825, at *4 (N.D. Tex. July 8, 2013).[6] Thus, if any prejudice exists, it is minor. And Plaintiff would have to prove the indemnification amounts it is allegedly entitled to even if the entry of default was not set aside.[7] Accordingly, this factor favors relief.

### III. Defendants raise a meritorious defense.

To support its claim that a meritorious defense exists, Defendants point to "the Original Answer attached" to the Motion (Dkt. #12 at p. 3; Dkt. #12-1). Plaintiff argues that the attached answer does not assert any affirmative defenses, and notes that Gladu's affidavit, which addresses the meritorious defense factor, fails to clearly dispute liability.[8]

---

[6] The *Arcababa* court first cites *Flexible Innovations Ltd. v. IdeaMax*, No. 4:12-CV-856-A, 2013 WL 1291766, at *5 (N.D. Tex. Mar. 29, 2013), which considered the plaintiff's litigation expenses caused by the defendant's default and efforts to set the default aside in its prejudice analysis. Then, it cites *iLife Technologies, Inc. v. ActiveCare, Inc.*, No. 3:12-CV-5161, 2013 WL 1943322, at *2 (N.D. Tex. May 10, 2013), which held that no prejudice existed when the plaintiff only identified costs associated with pursuing a default. The *iLife* court also ordered that the defendant pay the plaintiff's reasonable attorney's fees. *Id*. Here, however, Plaintiff does not request that relief nor provide the Court with sufficient information to determine reasonable attorney's fees.

[7] If the entry of default remained and Plaintiff moved for default judgment, it would need to prove damages. *See e.g.*, *Fed. Nat'l Mortg. Ass'n v. Zarum*, No. 4:23-CV-00711-ALM-BD, 2025 WL 1554298, at *4 (E.D. Tex. May 2, 2025), *report and recommendation adopted*, No. 4:23-CV-00711, 2025 WL 2323920 (E.D. Tex. Aug. 12, 2025).

[8] Some examples illuminate Plaintiff's point (*See* Dkt. #12-2 at p. 2 ("I . . . have accounting issues with the amounts allegedly due to Plaintiff.")); Dkt. #12-2 at p. 2 ("I have several areas of concern regarding [Plaintiff's] damages . . ."); Dkt. #12-2 at p. 2 ("I question why the Plaintiff had to pay over $669,034.93 to complete this project when it was ninety percent completed."); Dkt. #12-2 at p. 2 ("Another issue I have with the Plaintiff's accounting . . . ."))). Further, Defendants are evasive in the attached answer (Dkt. #12-1). In Paragraph 16 of the Complaint, Plaintiff asserts that Defendants "executed the Indemnity Agreement in which they agreed to indemnify [Plaintiff] against any liability or loss in connection with the Bonds" (Dkt. #1 at p. 6). Defendants respond that they "acknowledge that the Indemnity Agreement is a written instrument which constitutes the best evidence of its terms and conditions and to the extent that the allegaitons [sic] of paragraph 16 of the Complaint misstate same, said allegations are denied" (Dkt. #12-1 at p. 3), leaving in doubt whether they agreed to indemnify Plaintiff.

Plaintiff reads the meritorious defense factor too literally. In this Circuit, a significant dispute about damages may qualify as a meritorious defense.[9] In *In re OCA, Inc.*, for example, the Fifth Circuit considered an affidavit stating that the movant "borrowed only $290,000 from OCA—not the more than $600,000 that OCA alleges" when upholding the district court's meritorious defense finding. 551 F.3d at 373.[10] Here, Defendants likewise allege that they owe significantly less than what Plaintiff seeks (*See* Dkt. #12-2 at p. 2). Thus, resolving doubts in favor of a trial on the merits, the Court finds that the meritorious defense factor favors relief.[11]

\* \* \*

In sum, all good cause factors favor the requested relief. Guided by these factors—as well as the Fifth Circuit's policy favoring a trial on the merits—the Court finds good cause exists to set aside the Clerk's Entry of Default (Dkt. #10).

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Set Aside Clerk's Entry of Default (Dkt. #12) is hereby **GRANTED**.

**IT IS SO ORDERED.**

---

[9] Courts outside the Fifth Circuit appear divided on the issue. *Compare United States v. Pansier*, No. 17-C-1740, 2021 WL 913335, at *2 (E.D. Wis. Mar. 10, 2021) (citing *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) ("[A] dispute as to damages does not constitute a meritorious defense. . ."), *with G & G Closed Cir. Events, LLC v. Looney*, No. C-12-3094 SBA, 2013 WL 1739576, at *2 (N.D. Cal. Apr. 22, 2013) (citing *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) (holding that a meritorious defense may address damages).

[10] *See also Indep. Inv. Bankers, Corp. v. New Econ. Funding Sols., LLC*, No. 1:19-CV-1144-RP, 2020 WL 4670655, at *3 (W.D. Tex. Aug. 12, 2020) (citing *In re OCA*, 551 F.3d at 373) ("Defendant's contention that Plaintiff's damages calculation is incorrect constitutes a meritorious defense."), *report and recommendation adopted*, No. 1:19-CV-1144-RP, 2020 WL 10054590 (W.D. Tex. Sept. 1, 2020).

[11] The Court declines to address other meritorious defense arguments raised for the first time in Defendants' Reply.

**SIGNED this 19th day of November, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE